# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANNON CHAMBERLAIN, | : CIVIL ACTION NO. 1:10-CV-0766 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| LUZERNE COUNTY CORRECTIONAL FACILITY, et al., | : |
| Defendants | : |

## MEMORANDUM

Shannon Chamberlain, ("Chamberlain"), an inmate incarcerated at the Luzerne County Correctional Facility ("LCCF"), filed this civil rights action on April 12, 2010 (Doc. 1), naming LCCF, Lt. Ameen and Rita Souchock as defendants. Chamberlain seeks to proceed in forma pauperis. (Doc. 5.) For the reasons that follow, the motion will be granted solely for the purpose of the filing of the action, see 28 U.S.C. § 1915(b), and the complaint will be dismissed pursuant to 42 U.S.C. §1997e(a).

## I. Allegations of the Complaint

Chamberlain alleges that in March 2010, fellow inmate Linda Ruprecht, who was housed on the same block, "came after [her] pulled [her] hair and pulled [her] to the ground." (Doc. 1, at 3.) Two LCCF employees pulled Ruprecht away from Chamberlain. However, Ruprecht continued to verbally threaten Chamberlain. She seeks "to proceed with a federal lawsuit for negligence." (Doc. 1, at 4.)

In response to questions concerning the exhaustion of administrative remedies, plaintiff acknowledged that there is a grievance procedure available at

the jail. (Doc. 1, at 2.) She also indicates that she "grieved defendants through institutional procedure" and results are "still pending." (Id.)

## II. Discussion

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291(3d Cir.2000). It has been made clear that the exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir.2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the defendant, it has been recognized that a district court has the inherent power to dismiss *sua sponte* a complaint such as this one which facially violates a bar to suit.[1] See Ray v. Kertes, 285 F.3d 287, 295 n. 5

---

[1] As a general proposition, *sua sponte* dismissal is inappropriate unless the basis is apparent from the face of the complaint. See, e.g., Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir.1997).

2

(3d Cir. 2002) (citing <u>Booth</u>, 206 F.3d at 293 n. 2) (noting that "Booth concedes that he did not avail himself of either the intermediate or final review process.") and <u>Nyhuis</u>, 204 F.3d at 66 (stating that plaintiff "argues that he did not avail himself of the administrative process because it could not provide him with two of the three forms of relief that he seeks in the present action")).

Chamberlain concedes that there is an administrative grievance procedure available at the institution, and that she has availed herself of the procedure, but that it is not yet complete. Because it is apparent from the face of the complaint that Chamberlain is barred from pursuing federal relief at this particular time, the complaint will be dismissed pursuant to 42 U.S.C. § 1997e(a).

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      April 22, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHANNON CHAMBERLAIN,** | : | CIVIL ACTION NO. 1:10-CV-0766 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **LUZERNE COUNTY CORRECTIONAL FACILITY, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, this 22nd day of April 2010, upon consideration of plaintiff's complaint (Doc. 1), it is hereby **ORDERED** that:

1. The application to proceed in forma pauperis (Doc. 5) is GRANTED for the sole purpose of the filing of the action. See 28 U.S.C. § 1915(b).

2. The complaint (Doc. 1) is DISMISSED pursuant to 42 U.S.C. § 1947e(a). The dismissal is without prejudice to plaintiff's right to file a new action upon completion of the administrative remedy process.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge